**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SA'MONE MARQUIS, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | **Case No. 2:26-cv-03972-JDW** |
| | : | |
| PIEDMONT AIRLINES, | : | |
|     Defendant. | : | |

## <u>MEMORANDUM</u>

Sa'mone Marquis has filed an employment discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA") against her current employer, Piedmont Airlines. She seeks to proceed *in forma pauperis*. I will grant Ms. Marquis leave to proceed *in forma pauperis* and dismiss the Complaint with leave to amend.

## I.    FACTUAL ALLEGATIONS

Ms. Marquis works for Piedmont Airlines. On January 21, 2026, she submitted a request for an accommodation for an unnamed disability. Since then, she has suffered discrimination in the form of the denial of accommodations and harassment by management and male coworkers. She has suffered sexual harassment and systemic retaliation, but she continues to suffer a hostile work environment. She filed this lawsuit on June 9, 2026, along with motions to proceed *in forma pauperis* and appointment of counsel.

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

### A.    *In Forma Pauperis*

Ms. Marquis has completed the required forms and attested under penalty of perjury that she lacks the income or assets to pay the required filing fees. I will therefore gran her leave to proceed *in forma pauperis*.

**B.       Plausibility Of Claims**

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E* 42 U.S.C. § 2000e-2(a); 29 U.S.C. § 623; 42 U.S.C. § 12112). Ms. Marquis's Complaint fails to allege plausible discrimination, retaliation, and hostile work environment/harassment claims under Title VII and the ADA.

### 1.       ADA discrimination and failure to accommodate

I understand Ms. Marquis to allege discrimination under the ADA based on a failure to accommodate her disability. To state a claim for a failure to accommodate under the ADA, a plaintiff must allege sufficient facts to support a reasonable inference that (a) she was disabled and her employer knew it; (b) she requested an accommodation or assistance; (c) her employer did not make a good faith effort to assist; and (d) she could have been reasonably accommodated. *Marquis v. Philadelphia Gas Works*, No. 25-7005, 2026 WL 66890, at *2 (E.D. Pa. Jan. 8, 2026). Individuals are disabled within the meaning of the ADA if they: (1) have '"a physical or mental impairment that substantially limits one or more' of their 'major life activities'; (2) have 'a record of such an impairment'; or (3) are 'regarded as having such an impairment.'" *Id*. (quoting 42 U.S.C. § 12102(1)). Major life activities include, *inter alia*, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working, and impairment of the operation of a major bodily function. § 12102(2)(A), (B).

Ms. Marquis states in conclusory terms that she is disabled and is subjected to ongoing disability-based discrimination, including the denial of reasonable accommodations. That's not enough to allege the elements of an ADA claim. A complaint must allege enough facts to "raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue." *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021). Ms. Marquis has not alleged facts to state a plausible ADA claim because she has not alleged that she has a disability. She does not allege any facts about how or why she is disabled or how that disability limits a major life activity, rendering all of her ADA claims implausible. Ms. Marquis also does not identify the accommodation she requested. Failing to identify any accommodation or assistance that she requested, and that Piedmont then failed to provide or failed to make a good faith effort to provide, is an additional reason why her failure to accommodate claim is not plausible. *See Marquis*, 2026 WL 66890, at *2.

### 2. Hostile work environment/harassment

To state a claim for a hostile work environment in the context of the ADA, a plaintiff must allege that (1) she is a qualified individual with a disability under the ADA; (2) she was subject to unwelcome harassment; (3) her employer harassed her because of her disability or because of a request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and to

cause an abusive working environment; and (5) the defendant employer knew or should have known of the harassment and failed to take prompt effective remedial action. *See Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 667 (3d Cir. 1999). To allege a gender-based hostile work environment claim under Title VII, a plaintiff must allege (1) she suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present. *Starnes v. Butler Cnty. Ct. of Common Pleas*, 971 F.3d 416, 428 (3d Cir. 2020). Neither Title VII nor the ADA imposes a general code of civility in the workplace. *See e.g., Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (1998).

Ms. Marquis asserts in conclusory terms only that she experienced a hostile work environment and sexual harassment, mentioning "persistent harassment by management and male coworkers" (ECF No. 1 at§ II.E.), but she doesn't provide any facts describing what occurred. This type of conclusory allegation is not sufficient to allege a claim. *Iqbal*, 556 U.S. at 678. Her ambiguous and vague allegations that fail to describe events of harassment with any detail, identify who was involved, or provide a temporal context for the events means that her claims also fail to comply with Rule 8's requirement of a short plain statement sufficient to provide enough information to put a defendant on notice to

prepare a defense. Finally, her disability-based claim is not plausible due to the lack of allegations that she is a qualified individual with a disability.

### 3.    Retaliation

For a retaliation claim under Title VII or the ADA[1] to be plausible, a plaintiff must plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII or the ADA; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). Title VII protects "those who oppose discrimination made unlawful by Title VII." *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006). Not every complaint about employment entitles its author to protection from retaliation under Title VII. *See Burlington N. & Santa Fe Ry.*, 548 U.S. at 68. "Rather, only complaints about discrimination prohibited by Title VII [or the ADA]— that is, discrimination on the basis of race, color, religion, sex, or national origin, 42 U.S.C. § 2000e-2 [or disability, 42 U.S.C. §§ 12101 *et seq.*]—constitute 'protected activity.'" *Davis v. City of Newark*, 417 F. App'x 201, 202-03 (3d Cir. 2011) (*per curiam*) (citing *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701-02 (3d Cir. 1995)). "Thus, for a complaint to amount to 'protected activity,' it must implicate an employment practice made illegal by Title VII." *Id.*

---

[1] I can consolidate Ms. Marquis's retaliation claims under the ADA and Title VII can be consolidated for purposes of determining plausibility. *See e.g., Canada v. Samuel Grossi & Sons, Inc.*, 49 F.4th 340, 346 (3d Cir. 2022).

at 203 (citing *Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 135 (3d Cir. 2006)). "General complaints of unfair treatment will not suffice." *Id.* (citing *Barber*, 68 F.3d at 702)

Ms. Marquis does not assert that she engaged in protected conduct. While she makes an oblique reference about efforts to engage in an interactive process, she provides no context for what this means and thus fails to state facts that she suffered retaliation due to protected conduct.

## IV.   CONCLUSION

Ms. Marquis has not provided the detail necessary for any of her claims. I have given her the elements of these claims in other cases, but not in this on, so will grant her leave to file an amended complaint if she is able to allege facts to cure the defects in her current claims against Piedmont. I will deny Ms. Marquis's request for appointment of counsel as premature. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). An appropriate order containing additional information on amendment follows.

BY THE COURT:

*/s Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

July 10, 2026