**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SA'MONE MARQUIS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:26-cv-03972-JDW** |
| | : | |
| **PIEDMONT AIRLINES,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

Sa'Mone Marquis's amended complaint asserts new gender discrimination claims, renewed disability discrimination claims, and new retaliation claims. The gender discrimination claims and the gender-based retaliation claim are plausible, and I will permit them to proceed. However, for the second time, her disability discrimination claims lack detail to make them plausible, so I will dismiss them.

## I. FACTUAL ALLEGATIONS

Ms. Marquis asserts that she is "a qualified individual with documented physical disabilities," but she does not say how she is disabled. (Although she mentions having asthma, she does not identify that as a disability at issue.) She claims that Piedmont Airlines refused her requested accommodations and forced her to perform physically taxing work beyond her documented medical limitations. She also claims Piedmont Airlines denied her access to restroom facilities, subjected her to unwarranted scrutiny, and had to perform heavy lifting alone.

Separately, Ms. Marquis asserts that Piedmont Airlines routinely permitted male coworkers to leave workstations, sit, use mobile devices, and carry personal property without reprimand, but she was publicly shamed and disciplined for identical conduct. She claims that Piedmont Airlines created and tolerated an objectively hostile work environment, characterized by pervasive physical contact, unwelcome touching, and sexual harassment, including that a manager made sexual advances and physically trapped her and a coworker forced physical contact. She also alleges there was various physical activity that Piedmont tolerated.

Ms. Marquis submitted accommodation requests and filed harassment complaints with management and human resources, which resulted in arbitrary disciplinary write-ups, false attendance records, forced shift mandates, hostile micromanagement, and safety endangerment. Ms. Marquis's working conditions were so intolerable that she felt she had to resign, which she did on July 27, 2026.

## II. STANDARD OF REVIEW

Because I granted Ms. Marquis leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must

accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

### A. Gender Discrimination

Ms. Marquis has alleged facts to assert her claim of gender discrimination. She states both that Piedmont Airlines treated male workers differently than female workers and that it tolerated improper, gender-based activity in the workplace. For purposes of statutory screening, she has stated enough facts to proceed with that claim.

### B. Disability Discrimination

I have instructed Ms. Marquis that, to state a claim for disability-based discrimination, a plaintiff must allege sufficient facts to support a reasonable inference that (a) she was disabled and her employer knew it; (b) she requested an accommodation or assistance; (c) her employer did not make a good faith effort to assist; and (d) she could have been reasonably accommodated. (ECF No. 7 at 3.). Individuals are disabled within the meaning of the ADA if they: (1) have '"a physical or mental impairment that substantially limits one or more' of their 'major life activities'; (2) have 'a record of such an

impairment'; or (3) are 'regarded as having such an impairment.'" *Id.* (quoting 42 U.S.C. § 12102(1)).

Ms. Marquis states in conclusory terms only that she is disabled. Although she says she provided doctor notes to Piedmont and mentions asthma, she does not allege facts to make plausible that she is disabled under the civil rights laws. While she says she asked Piedmont for accommodations involving heavy lifting, she provides no facts to indicate she is limited in major life activities including lifting and bending. Without these facts, none of her disability-based claims can proceed.

### C. Retaliation

Ms. Marquis has stated facts to support a retaliation claim. She alleges that she engaged in protected activity by requesting accommodations for health conditions and by complaining about sexual harassment. She alleges that Piedmont Airlines subjected her to negative job actions as a result. For statutory screening purposes, that's enough to proceed.

## IV. CONCLUSION

I will dismiss Ms. Marquis's disability claims. Because I already provided her with the law governing those claims, and she still failed to allege the necessary facts to make those claims plausible, I conclude that she cannot make the required allegations, and I will dismiss the disability discrimination claims with prejudice. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) I will permit Ms. Marquis

to move forward with her gender discrimination claims under Title VII and her retaliation claims under both Title VII and the ADA. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

October 20, 2026